IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| ALLURE ENERGY INC., | § | |
| | § | |
| Plaintiff | § | |
| | § | |
| V. | § | 1-15-CV-079  RP |
| | § | |
| HONEYWELL INTERNATIONAL, INC., | § | |
| | § | |
| Defendant | § | |

## ORDER

Before the Court are Defendant Honeywell's Motion for Stay Pending *Inter Partes* Review of the Asserted Patents by the U.S. Patent Office, filed June 9, 2015 (Clerk's Dkt. #20); Plaintiff Allure Energy, Inc.'s Opposition to Honeywell's Motion for Stay Pending *Inter Partes* Review of the Asserted Patents by the U.S. Patent Office, filed June 16, 2015 (Clerk's Dkt. #23); Honeywell's Reply in Support of its Motion for Stay Pending *Inter Partes* Review of the Asserted Patents by the U.S. Patent Office, filed June 23, 2015 (Clerk's Dkt. 26); and Plaintiff Allure Energy, Inc.'s Limited Sur Reply to Address a New Case Cited in Honeywell's Reply in Support of its Motion for Stay Pending *Inter Partes* Review of the Asserted Patents by the U.S. Patent Office, filed June 25, 2015 (Clerk's Dkt. #29).  Having reviewed the parties' pleadings, the relevant case law and the entire case file, the Court issues the following Order.

## BACKGROUND

The parties are both in the business of designing, manufacturing and selling home environment and energy products, including "smart" thermostats with proximity control.  Plaintiff alleges Defendant's Lyric thermostat infringes on certain of Plaintiff's patents (the "Asserted Patents"), and that Defendant is promoting as its own the protected technology in order to unfairly compete with Plaintiff and gain an advantage in the emerging market of smart thermostats.

Plaintiff brought this action against Defendant on January 29, 2015 asserting claims for patent infringement under 35 U.S.C. § 1, *et seq*. and false advertising under the Lanham Act, 15 U.S.C. § 1125(a).

On May 22, 2015, Defendant filed with the United States Patent and Trademark Office (the "PTO") three petitions for *inter partes* review (the "IPR Petitions") challenging the validity of the Asserted Patents.  An *inter partes* review ("IPR") is a full adversarial proceeding before the Patent Trial and Appeal Board (the "PTAB") to review the patentability of one or more claims in a patent. Defendant moves the Court to stay this lawsuit until such time as the PTAB resolves Defendant's IRP Petitions.  Plaintiff objects to the proposed stay, arguing, among other things, that staying the proceeding would provide Defendant a tactical advantage and unduly prejudice Plaintiff.

## STANDARD OF REVIEW

District courts have broad discretion to manage their dockets, including the power to grant a stay of proceedings.  *P&G v. Kraft Foods Global, Inc.*, 549 F.3d 842, 848-49 (Fed. Cir. 2008). This includes the power to stay proceedings pending *inter partes* review of a patent by the PTO. *Crossroads Sys. v. DOT Hill Sys. Corp.*, No. 13-CA-800-SS, 2015 U.S. Dist. LEXIS 77526 (W.D. Tex. June 15, 2015).  In deciding whether to grant a stay pending resolution of an IPR petition, a court generally considers whether (1) discovery is complete and a trial date has been set, (2) a stay will unduly prejudice or present a clear tactical disadvantage to the nonmoving party, and (3) a stay will simplify the issues in question and trial of the case.  *Id*.

## ANALYSIS

Turning first to the question of timing, this lawsuit is still in the early stages of litigation.  The Court has not yet issued a scheduling order in this matter and no trial date has been set. According to the parties' pleadings, they have not begun discovery.  Therefore, this case is not so far along as to weigh against the granting of a stay.

2

The next factor to consider in the analysis is whether staying the lawsuit will unduly prejudice Plaintiff.  Plaintiff characterizes itself as a small start-up company with limited resources founded in 2009.  Defendant Honeywell International, Inc. is a global conglomerate with almost 130,000 employees worldwide and listed by Fortune Magazine as one of the 100 largest companies in the United States.[1]  According to the pleadings, the parties are direct competitors in the narrow, still-emerging market of smart thermostats.

Plaintiff alleges Defendant's continued impermissible use of Plaintiff's patented technology, combined with Defendants's false advertising regarding same, severely undermines Plaintiffs ability to compete in a very small marketplace and, if allowed to persist, could force Plaintiff out of the market altogether.  Moreover, in light of its limited resources, Plaintiff contends its ability to continue as an operating entity may very well be threatened if this litigation is stayed.

Defendant denies Plaintiff would be unduly prejudiced by a stay, arguing any injury suffered by Plaintiff can be compensated with monetary damages.  However, according to Plaintiff, every day Defendant is allowed to continue its alleged misconduct further compromises Plaintiff's ability to compete and establish a significant presence in a nascent market.

Defendant did not file the IPR Petitions until May 22, 2015.  It may be six months before the PTO even considers whether or not to grant *inter partes* review.  *See* 35 U.S.C. §§ 313 and 314(b).  If the PTO does grant such review, it could be a full year thereafter, if not longer, before the PTO issues its determinations.  *See* 35 U.S.C. § 316(a)(11).  In light of the circumstances and the parties' relative resources, the Court is of the opinion that delaying this lawsuit for such period of time would afford Defendant a tactical advantage while greatly prejudicing Plaintiff.

The final consideration in this analysis is whether granting the stay will simplify the case.  Plaintiff's claim against Defendant for false advertising under the Lanham Act will remain pending

---

[1]This information was obtained from Defendant's website.  HONEYWELL INTERNATIONAL, INC., http://honeywell.com/About/Pages/our-company.aspx (last visited July 2, 2015).

regardless of the outcome of the IPR Petitions.  Therefore, even if the PTAB invalidated all of Plaintiff's patent claims, the matter of Defendant's alleged false advertising would still need to be resolved.  In light thereof, the Court is of the opinion that whatever simplification of the issues a PTAB determination may offer, such benefit is far outweighed by the undue prejudice a stay would cause Plaintiff.

Accordingly, this Court in its discretion finds the proceeding should not be stayed pending *inter partes* review by the PTO.

**IT IS THEREFORE ORDERED** Defendant Honeywell's Motion for Stay Pending *Inter Partes* Review of the Asserted Patents by the U.S. Patent Office (Clerk's Dkt. #20) is hereby **DENIED**.

**SIGNED** on July 2, 2015.

ROBERT L. PITMAN
UNITED STATES DISTRICT JUDGE